ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CURTIS E. AYERS, JR., | ) |
| | ) CASE NO. 3:07CV2663 |
| Petitioner, | ) |
| | ) |
| v. | ) Judge John R. Adams |
| | ) |
| MAGGIE BRADSHAW, | ) MEMORANDUM OPINION & ORDER |
| | ) |
| Respondent. | ) |
| | ) |

On September 4, 2007, following lengthy state court proceedings, Petitioner Curtis E. Ayers, Jr. filed his petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Respondent Maggie Bradshaw, Warden, moved to dismiss the petition on January 11, 2008. Magistrate Judge William H. Baughman, Jr. issued his Report and Recommendation (Report) on February 12, 2008. In his Report, the Magistrate Judge recommended that Ayers' petition be dismissed. On February 25, 2008, the Petitioner timely filed his Objection to the Report. This Court, after having reviewed Petitioner's objection, hereby adopts the Report and dismisses Ayers' petition.

**I. Facts & Procedure**

In 1999, Ayers was convicted of conspiracy to commit aggravated murder and sentenced to nine years incarceration. Ayers appealed his conviction to Ohio's Sixth District Court of Appeals. The Court of Appeals affirmed Ayers' conviction and sentence and the Ohio Supreme Court denied leave to appeal. On June 27, 2005, Ayers moved to vacate his sentence in the trial court. The trial court found no merit in Ayers' motion but did on its own initiative order re-sentencing on the basis

that it had failed to inform Ayers of post-release control during his original sentencing hearing. On October 18, 2005, the trial court conducted a new sentencing hearing. During that hearing, the court informed Ayers of post-release control, but did nothing further with respect to sentencing. On November 8, 2005, the trial court journalized Ayers' sentence. On appeal, the Sixth District Court of Appeals vacated the trial court's November 8, 2005 sentencing entry. The court determined that the trial court was required to re-sentence Ayers in the entirety, not simply inform him of post-release control. *See State v. Ayers*, 2006-Ohio-5108 (Ohio Ct. App.). Ayers was then re-sentenced by the trial court on December 18, 2007. The record does not contain any indication that Ayers has appealed from that order.

In his petition, Ayers challenged numerous portions of his 2005 re-sentencing. Specifically, Ayers challenged the applicability of *Blakely* to his sentence and challenged the constitutionality of the trial court's addition of post-release control to his sentence after he had served a bulk of his period of incarceration. In his Report, the Magistrate Judge recommended dismissal of Ayers' petition because he is not in custody under the sentence he seeks to challenge.

**II. Law & Analysis**

Under Federal Rule 72(b) and 28 U.S.C. § 636, this Court is required to review *de novo* the portion of the Magistrate Judge's Report to which a specific objection was made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing a general objection is akin to filing no objection at all. *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999).

Ayers' response to the Report of the Magistrate Judge does not contain objections. Rather, it is narrative. In that narrative, Ayers appears to attack certain factual findings by the Magistrate

Judge, and more generally asserts that the Magistrate Judge was incorrect in his ruling. Ayers' narrative statement is at best a general objection. A party may not file a general objection to the entirety of the magistrate's report. *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 508-09 (6th Cir. 1999). An objection must "be specific in order to focus the busy district court's attention on only those issues that [are] dispositive and contentious." *Id.* at 509. If a party generally objects to the magistrate's report, it has the same effect as a failure to object.

For an objection to be sufficiently specific, the petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997). By failing to even name the errors of which he complains, Ayers has not directed this Court to the issues about which he and the Magistrate Judge disagree.

Moreover, even if this Court were to construe Ayers' narrative as a specific objection, it lacks merit. 28 U.S.C. § 2254(a) provides in pertinent part as follows:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The U.S. Supreme Court has held that the above language requires "that the habeas petitioner be 'in custody' under the conviction or *sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)(emphasis added). In the instant matter, Ayers filed his petition on September 4, 2007, attacking the validity of his sentence issued on November 8, 2005. As detailed above, however, Ayers' 2005 sentence was vacated on September 29, 2006 by Ohio's Sixth District Court of Appeals. Consequently, at the time he filed his petition, Ayers was not in custody

3

under the sentence he seeks to attack. Ayer's petition, therefore, must fail as it does not meet the "in custody" requirement of 28 U.S.C. § 2254(a) as interpreted by the U.S. Supreme Court.

## III. Conclusion

For the reasons set forth herein, this Court ADOPTS the Report of the Magistrate Judge. Ayers' claim that his 2005 sentence violated his Constitutional rights is moot as that sentence was vacated prior to the filing of the petition. Accordingly, his writ is hereby DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| March 31, 2008 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |